**Wu ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73013.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Troy Nader Moslemi, Esq., Law Office of Troy Nader Moslemi, Miami, FL, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John F. Schmillen, Esq., Office of The U.S. Trustee Regional Headquarters, Law Bldg., Cedar Rapids, IA, for Respondent.

Before LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Wu Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The IJ's adverse credibility determination is based on omissions and inconsistencies that go to the heart of Zhang's asylum claim, and is therefore supported by substantial evidence. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). The discrepancies between Zhang's testimony

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and affidavit regarding the number of times he was arrested, interrogated and beaten by the police were not minor, and his encounters with the police were central to his claim of persecution. *See id.* Moreover, the IJ considered and properly rejected Zhang's explanation for the discrepancy. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004).

Because Zhang fails to satisfy the lower standard of proof for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Zhang failed to establish that it is more likely than not that he will be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**